In the Matter of the Estate of GIBSON PUTZEL, Deceased.

Surrogate's Court, New York County, January 10, 1930.

*Rose & Paskus*, for trustee.

*Stewart & Shearer*, for Leopold Putzel.

FOLEY, S.   This is an application for a construction of the holographic will of the testator.   After devising his residuary estate in trust for the benefit of his mother for life, the testator made the following provision: " *Fifth*.   Upon the death of my mother, I direct my said executor and trustee to set apart from the principal of my residuary estate the sum of Two hundred and fifty thousand

dollars and to continue to hold the same in trust and to apply the net income thereof to the use of my brother Leopold during his life and upon his death to pay over the principal of said trust fund to his lawful issue surviving him in equal shares *per stirpes* and not *per capita;* if he die without issue leaving a wife him surviving to pay over the principal of the said trust fund to such persons and in such proportions as he may appoint by his duly executed last will and testament and if he should die without issue and without leaving a wife surviving him, *and without such appointment by will,* the principal of the said trust fund shall be disposed of in the same manner as if it had originally formed a part of the balance of my residuary estate." The words " and without such appointment by will " in the foregoing paragraph were interlined by the testator before the will was executed. By paragraph 6 he made certain bequests of his residuary estate to various individuals, and then disposed of the balance by paragraph 7 as follows: " *Seventh.* The balance of my residuary estate, including all lapsed legacies and the said trust fund hereinbefore set apart for my brother Leopold (in case of his death without issue and without leaving a wife him surviving and the exercise of the power of appointment by will), I give, devise and bequeath to my brother Lehman, or if he should predecease my mother, to his children living at the time of the death of my mother and the issue collectively of any then deceased child provided however that if the net balance of my residuary estate to be distributed under this Seventh paragraph of my will should exceed the sum of Seventy-five thousand dollars I give, devise, and bequeath the surplus to the above named William R. Rose or to his issue if he should predecease my mother."

The trust is now being administered for the benefit of Leopold Putzel, testator's brother, who is unmarried and has no issue. The question the court is asked to determine is whether or not under paragraph 5 Leopold Putzel has a power of appointment by will over the fund of $250,000. Great stress is laid by him upon the interlineation by the testator of the words " and without such appointment by will," appearing in the 5th paragraph of the will, as emphasizing his intention to give his brother a power of appointment in any event. The contention of the residuary legatee, however, that the phraseology employed by the testator in the creation of the power was intended to make its exercise conditional upon the brother dying without issue and leaving him a wife surviving is consistent with both the ordinary and technical meaning of the language used. Having in the first instance provided for the payment over of the remainder to the brother's issue, if he left issue, and then having granted to his brother in clear and concise

terms an unlimited power of disposition by will " if he die without issue leaving a wife surviving him," the only apparent purpose of the testator in interlining the words " and without such appointment by will " was to clarify the provision immediately preceding, referring to the conditional exercise of the power. The argument on behalf of the residuary legatee, that " had the testator intended to give his brother Leopold power of appointment irrespective of whether or not he left a wife, there was no point whatever to bring in the provision with respect to Leopold's leaving a wife him surviving," is, in my opinion, convincing. Had he so intended, he could have made such a provision in very simple language.

Furthermore, it is logical to assume, in the absence of issue of his brother, and in the absence of a surviving wife, that the testator wished to reserve to himself the disposition of his estate rather than to give his brother such right to dispose of it to strangers not bound to him by family ties. It is significant also that immediately preceding the words " appointment by will " in the interlined phrase the testator used the word " such," which must be held to refer to the particular power of appointment granted to his brother, conditioned upon his leaving a wife surviving. Similarly in paragraph 7 the words " power of appointment " are preceded by the definite article " the," which must also be held to refer to the identical conditional grant of power found in paragraph 5. Nor can any inference be drawn from the language of paragraphs 5 or 7, either by implication or otherwise, that the testator intended to grant any power of disposition by will to this brother other than one conditioned upon his leaving him surviving a wife but no issue. I hold, therefore, that under the circumstances at the present time, Leopold Putzel has no testamentary power of appointment under testator's will.

Submit decree on notice construing the will accordingly.